UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL HOOTEN,     )
            )
     Plaintiff,   )
            )
     v.      )  No. 2:23-cv-00191-JPH-MG
            )
RICHARD BROWN,    )
JACK HENDRIX,     )
JERRY SYNDER,     )
DEREK CHRISTIAN,   )
RANDALL PURCELL,   )
ROBERT ERIC CARTER, JR., )
            )
     Defendants. )

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

Plaintiff Michael Hooten sued the defendants alleging that his Fourteenth Amendment due process rights were violated because he was held in segregation under harsh conditions for an extended period of time without meaningful periodic reviews. Dkt. 20 at 3. Three defendants—Robert Eric Carter, Jr., Derek Christian, and Randall Purcell—filed a motion to dismiss asserting that the claims against them are barred by the statute of limitations and that the relation back doctrine found in Rule 15(c)(1)(C) does not apply. For the reasons explained in this Order, the Defendants' unopposed motion, dkt. [28], is **granted**.

## I. Background

Mr. Hooten is currently incarcerated at Wabash Valley Correctional Facility. On April 13, 2023, Mr. Hooten filed a complaint against Hendrix, Brown, Snyder, and Dugan for violation of his constitutional rights while being held in

administrative segregation between April 19, 2020, and May 1, 2021. Dkt. 2.[1] On June 27, 2023, Mr. Hooten filed an amended complaint naming Hendrix, Brown, Snyder, and Purcell as defendants. Dkt. 12.

On August 22, 2023, Mr. Hooten filed a second amended complaint with the same allegations, naming Carter and Christian as additional defendants. The second amended complaint again alleges Fourteenth Amendment violations between March 1, 2020, and May 1, 2021. Dkt. 14.

On December 13, 2023, the Court screened the second amended complaint under 28 U.S.C. § 1915A and found that Mr. Hooten's Fourteenth Amendment due process claims could proceed against all defendants—Brown, Snyder, Purcell, Carter, Hendrix, Christian—based on Mr. Hooten's allegations that he was held in segregation in harsh conditions for an extended period of time without meaningful periodic reviews. Dkt. 20 at 2, 4. The Court then directed service of process under Rule 4(c)(3).

Defendants Carter, Christian, and Purcell now seek dismissal of the claims alleged against them on grounds that Mr. Hooten only named them in the second amended complaint, which he filed after the applicable limitation period expired. Dkt. 28; dkt. 29.

## II. Discussion

This civil rights lawsuit is brought under 42 U.S.C. § 1983. The statute of limitations for claims under § 1983 is borrowed from the state where the alleged

---

[1] The complaint is deemed filed the day it was signed and sent to the law library to be E-filed. Dkt. 2 at 7.

incident occurred. *See Talevski ex rel. Talevski v. Health & Hosp. Corp.*, 6 F.4th 713, 721 (7th Cir. 2021) ("Section 1983 claims do not have a built-in statute of limitations; instead, they borrow state statutes of limitations and tolling rules for general personal injury actions."). Mr. Hooten's alleged injury occurred in Indiana, which has a two-year statute of limitations for personal injury claims. Ind. Code § 34-11-2-4(a); *Julian v. Hanna,* 732 F.3d 842, 844–45 (7th Cir. 2013). "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action. For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." *Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011) (internal citation omitted).

Mr. Hooten was allegedly held in administrative segregation between March 1, 2020, and May 1, 2021. Dkt. 14. Thus, his claims accrued (at the latest) on May 1, 2021, when he was released from segregation. Dkt. 29 at 3. Thus, the two-year statute of limitation expired on May 1, 2023.

Defendants argue that while the original complaint naming Hendrix, Brown, and Snyder,[2] was timely filed on April 13, 2023, Mr. Hooten's "attempt to file a lawsuit against new defendants after May 1, 2023 (in his amended complaint and second amended complaint) fall outside the applicable statute of limitations." Dkt. 29 at 3.

---

[2] Defendant Dugan was also named in the original complaint but he was not named in the second amended complaint, so he is no longer a defendant in this action.

Mr. Hooten can only add defendants Carter, Christian, and Purcell after the period of limitations has run by using the relation-back doctrine of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. Rule 15 provides:

> **(c) Relation Back of Amendments.**
>
> > **(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > **(A)** the law that provides the applicable statute of limitations allows relation back;
> > >
> > > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> > >
> > > **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > >
> > > > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > >
> > > > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Rule 15(c)(1)(A) does not provide a separate basis for relation back in this case because Indiana Trial Rule 15(C), "is materially identical to the federal rule." *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011); *McKinley v. Does 1-6,* No. 2:22-CV-00115-JPH-MG, 2023 WL 4532679, at *1 (S.D. Ind. July 13, 2023) (same). Rule 15(c)(1)(B) also does not

apply because the amended complaint changes "the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C).

Thus, to avoid dismissal, the second amended complaint must relate back under Rule 15(c)(1)(C). Defendants acknowledge that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," as required by Rule 14(c)(1)(C)'s incorporation of Rule 15(c)(1)(B). But they argue that Mr. Hooten cannot meet the requirements of Rule 15(c)(1)(C)(i)'s notice requirement or Rule 15(c)(1)(C)(ii)'s mistake requirement:

> the newly named defendants did not receive notice of the action prior to the applicable statute of limitation [as required by Rule 15(c)(1)(C)(i)]. Defendants were not served with this lawsuit until after Plaintiff's second amended complaint was screened. Further, Plaintiff cannot satisfy [Rule 15(c)(1)(C)(ii)] because Plaintiff's cannot show a failure to add these three parties was due to a mistake concerning their identities. They were simply untimely additionally named parties.

Dkt. 29 at 4.

For Rule 15(c)(1)(C)(ii)'s mistake requirement, Defendants argue that there was never a mistake concerning the proper party's identity. Dkt. 29 at 4. The Court agrees. The "'mistake' clause of Rule 15(c)'s 'relation back' provision 'permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party.'" *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (quoting *Wood v. Worachek,* 618 F.2d 1225, 1229

(7th Cir. 1980)). "'[A] plaintiff's ignorance or misunderstanding about who is liable for his injury' does not satisfy Rule 15(c)'s mistake requirement." *Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021) (holding that naming a John Doe defendant does not constitute a mistake under Rule 15(c)(1)(C)(ii)). That is the case here since the second amended complaint merely added defendants to those previously named. *Compare* dkt. 12 at 1 *with* dkt. 14 at 1. So, at most, Mr. Hooten did not know of those defendants, and "Rule 15(c)'s 'mistake' clause does not apply when the plaintiff simply lacks knowledge of the proper defendant." *Herrera*, 8 F.4th at 497.

Because there was no "mistake" the amended and second amended complaint do not relate back to the original complaint under Rule 15(c)(1)(C), the claims against defendants Carter, Christian, and Purcell are untimely. The motion to dismiss is granted.

### III. Conclusion

Defendants' unopposed motion to dismiss claims against Carter, Christian, and Purcell, dkt. [28], is **granted**. The **clerk is directed** to terminate these defendants on the docket.

**SO ORDERED.**

Date: 5/14/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

MICHAEL HOOTEN
988796
WABASH VALLEY – CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com